EXHIBIT C



JEFFREY W. MELCHER
470-419-6655 (direct)
Jeffrey.Melcher@Wilsonelser.com (e-mail)

January 5, 2018

## PRIVILEGED AND CONFIDENTIAL CORRESPONDENCE

**VIA FEDERAL EXPRESS and ELECTRONIC MAIL**

Colliers International – Atlanta, LLC
Attn: Jim Howser, Senior Vice President and Chief Administrative Officer
1230 Peachtree Street NE, Promenade, Suite 800
Atlanta, GA 30309-3574
Jim.Howser@colliers.com

| | |
|---|---|
| Named Insured: | Colliers International – Atlanta, LLC and Alexander Deitch |
| Matter: | *Mattress Firm, Inc. v. Bruce Levy, et al.*, In the District Court of Harris County, Texas, 151st Judicial District, Cause No.: 2017-73196 |
| Issuing Co.: | Maxum Insurance Company |
| Policy No.: | PFP-6023915-02 |
| Claim No.: | PFP-6023915-02-01 |

Dear Mr. Howser:

Wilson Elser Moskowitz Edelman & Dicker LLP ("Wilson Elser") is coverage counsel for Maxum Indemnity Company ("Maxum") in connection with the above referenced claim and lawsuit (the "Lawsuit") filed by Mattress Firm, Inc. ("Mattress Firm"), against Colliers International—Atlanta , LLC ("Colliers"), Alexander Deitch ("Deitch"), and other defendants. As you know, Mattress Firm alleges numerous unlawful acts by Colliers, Deitch and other defendants involving a nationwide bribery, kickback, and fraud scheme to financially enrich themselves at Mattress Firm's expense. In light of the recent Lawsuit filed by Mattress Firm, the following correspondence serves as a Reservation of Rights by Maxum for the Lawsuit filed by Mattress Firm.

As we will explain below, Maxum will honor its defense obligations to Colliers under Policy No. PFP-6023915-02 under a Reservation of Rights. Maxum reserves its rights, however, to withdraw its defense and to decline indemnity coverage to Colliers, as outlined in this letter.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650 • f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

1

8641049v.1



At this time, it is our understanding that Deitch has not demanded coverage, and therefore, Maxum will not address whether coverage is afforded to Deitch at this time.

After you have reviewed this letter, if you believe there is additional evidence or information that you would like us to consider, please forward this evidence or information to the undersigned. In addition, please do not hesitate to contact me should you have questions regarding Maxum's coverage position.

## I.    THE CLAIM

We are in possession of a letter dated March 30, 2016, sent by Mattress Firm to Colliers, advising of a potential lawsuit against Colliers and requesting execution of a litigation hold letter in exchange for its forbearance in filing suit. The letter also rescinded Deitch's authority to represent Mattress Firm in any ongoing matters.  This letter also instructed Colliers to successfully complete a current transaction as contemplated by an agreement dated February 2, 2016. This letter, which constitutes the first notice of any claim, was not provided to Maxum until June 29, 2017.

Mattress Firm subsequently transmitted a draft complaint to Colliers on July 13, 2017. This unfiled pleading lodged causes of action against Colliers for direct and vicarious liability and against its employee Deitch directly, both under RICO, conspiracy to violate RICO, fraud, aiding and abetting the breach of their fiduciary duties, and violation of the Brokerage Relationships in Real Estate Transactions Act. In the draft complaint, Mattress Firm also sought equitable remedies sounding a constructive trust and unjust enrichment. These allegations are not just actual or alleged negligent acts committed while rending "professional services;" rather, these are distinct allegations for intentional conduct.

## II.    ALLEGATIONS IN AMENDED COMPLAINT

On October 30, 2017, Mattress Firm filed a formal Complaint in Harris County, Texas, Case No.: 2017-731196, which initiated the Lawsuit against numerous defendants, including but not limited to Colliers and Deitch.  On December 19, 2017, an Amended Complaint was filed against numerous defendants, including but not limited to Colliers and Deitch. We understand that Colliers has been served with a summons and the Amended Complaint.

In the lengthy Amended Complaint, on which the Lawsuit is now based, Mattress Firm has alleged that the Lawsuit "arises out of a massive, nationwide, multi-year fraud, bribery, and kickback scheme" involving Colliers and Deitch. See Amended Complaint at ¶¶ 1 and 7. At the time that Mattress Firm hired Colliers and Deitch to serve as Mattress Firm's "Master Broker," Deitch was a Senior Vice President at Colliers. Id., at ¶ 3. As the Master Broker, generally, Colliers and Deitch assumed national primary broker responsibility for identifying, evaluating,

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

2

8641049v.1



and brokering new site locations and advising and negotiating new leases and lease renewals on behalf of Mattress Firm. Id. Mattress Firm relied heavily on Colliers and Deitch to provide evaluations and recommendations as to which stores to open, what leases to sign, the terms of those leases, the construction budgets to approve, what stores to renew, and what stores to close. Id., at ¶ 5. Colliers and Deitch also exercised significant influence and authority in deciding which developers to select and the lease terms, including rents, construction budgets, and lease durations.

Mattress Firm has also made numerous allegations against Colliers and Deitch entailing fraudulent and self-serving activities, including but not limited to:

- Deitch and Colliers providing payments (including offering, arranging, and making payments) of bribes and kickbacks to two senior employees of Mattress Firm in exchange for retention of Colliers and Deitch and growing their relationship. Id., at ¶ 7.a.

- Deitch and Colliers providing falsely optimistic sales forecasts to maximize opening of stores and to justify above-market rents and longer least terms to co-defendant developers in order to generate commission for each lease entered into by Mattress Firm and to increase property value for subsequent sale of the property by entities owned by Deitch. Id., at ¶ 7.b.

- Deitch and Colliers misrepresenting projected per store sales. Id.

- Engaging in conflict of interest transactions, including Deitch owning and Colliers allowing Deitch to own numerous stores leased to Mattress Firm, and Deitch secretly purchasing property where Mattress Firm's stores were to be located and assigning these properties to co-defendant developers who imposed above-market rent and lease terms longer than Mattress Firm's policies. Id., at ¶¶ 8, 9, 76.

- Deitch charging "phony" and "bogus" $50,000.00 development fees and brokerage fees to developers and Colliers knowing of and allowing such fees. Id., at ¶ 10.

- Colliers allowing Deitch to secretly hold interests in properties that would become Mattress Firm stores; multiple Colliers employees knowing of Deitch's actions and assisting him; and Colliers paying very little attention to Deitch's improprieties because Colliers was a direct beneficiary of the fraud. Id., at ¶¶ 10 and 11.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

3

8641049v.1



- Deitch and Colliers concealing such fraudulent activities. Id., at ¶ 16.

- Deitch admitting to providing bribes and holding equity interests in other business ventures with participating Mattress Firm employees. Id., at ¶ 19.

- Deitch directing developers to not provide detailed budgets to Mattress Firm in order to hide hidden fees or kickbacks. Id., at ¶ 19.

- Deitch being offered lucrative investment opportunities by co-defendant developers and being engaged in commercial bribery. Id., at ¶ 69.d.

- Colliers providing authority and ratification to Deitch, including expressly and fully authorizing Deitch to undertake his actions, providing apparent authority to Deitch by knowingly permitting Deitch to hold himself out as holding such authority, ratifying the actions and representations of Deitch, or implicitly ratifying the actions and representations of Deitch. Id., at ¶ 143-146.

Mattress Firm brings seven causes of action against both Colliers and Deitch, including:

1.  Fraud – making material misrepresentations and omissions to Mattress Firm, including but not limited to misrepresenting material information about the deals under consideration by failing to disclose the existence of hidden kickbacks, operating through a network of single purpose LLCs, partnerships, or other entities intended to conceal the unlawful activity, and by falsely representing they were not paying kickbacks, which served to increase the rents Mattress Firm would pay, providing inaccurate comparable lease information, and by hiding their ownership interests and self-dealing in multiple Mattress Firm store developments.

2.  Civil Conspiracy – knowingly, willfully, and unlawfully conspiring, combining, confederating, and agreeing together to defraud Mattress Firm out of millions of dollars in excess rents and other expenses through materially false and inaccurate real estate reports and representations, and by hiding kickbacks and other costs that served to inflate Mattress Firm's lease expenses, agreed to assist, advance, and further the conspiracy's unlawful objectives including by participating in the kickback scheme.

3.  Constructive Trust – appropriating funds to which they are not entitled thereby requiring a constructive trust to be entered to convey the fruits of wrongful

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650 • f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
wilsonelser.com

4

8641049v.1



conduct, including fraud, abuse of fiduciary relationships, and other illegal conduct.

4.    Unjust Enrichment – unjust and inequitable receipt and retention of multiple non-gratuitous payments from Mattress Firm in the form of commissions and above-market rents in exchange for kickbacks with full knowledge and awareness that Mattress Firm would not receive the expected and represented value, entitling Mattress Firm of disgorgement and restitution.

5.    Aiding and Abetting Breach of Fiduciary Duty – soliciting, encouraging, aiding, abetting and providing substantial assistance to two of Mattress Firm's employees in breaching their fiduciary duties to Mattress Firm and illegally capitalizing on their positions for personal gain.

6.    Negligence (Colliers only) – breaching duty to exercise ordinary care in the selection, supervision, and retention of Deitch.

7.    Exemplary Damages – acting with fraud and/or malice which entitles Mattress Firm to exemplary damages.

## III.    CLAIMS MADE AND REPORTED POLICY NUMBER PFP-6024807-03

Maxum Policy Number PFP-6023915-02 (the "Policy") is a "claims made and reported" policy that initially insured Colliers from January 1, 2015, to January 1, 2016.   Colliers purchased a supplemental extended reporting period through February 1, 2017.

### Policy

The Policy affords Errors and Omissions Coverage pursuant to form P056 (08/11) which provides, in part, as follows:

### *SECTION I – COVERAGE*

#### *1.  Insuring Agreement*

*A.      We will pay those sums that an "insured" becomes legally obligated to pay as "damages" because of a "wrongful act" in the rendering of or failure to render "professional services" by any "insured" or by any person for whose "wrongful acts" an "insured" is legally responsible for. We will have the right and duty to defend any "insured" against any "suit" seeking those "damages". However, we will have no duty to defend an "insured" against any "suit" seeking "damages" for a "wrongful act" to which this insurance*

---

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650 • f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

8641049v.1



does not apply. We may, at our discretion, investigate any error or omission and settle any "claim" or "suit" that may result. But:

(1) The amount we will pay for "damages" is limited as described in **SECTION III – LIMITS OF INSURANCE;** and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under this policy and/or in the payment of sums under **SUPPLEMENTARY PAYMENTS.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS.**

The Company shall not settle any "claim" without the "insured's" written consent. However, if the "insured" refuses to consent to any settlement recommended by the Company and elects to contest the "claim" or continue any legal proceedings in connection with such "claim", then the Company's maximum liability shall be limited to the amount for which the "claim" could have settled, including the total amount of "claim expenses" incurred up to the date of the "insured's" refusal. Such amounts are subject to the provisions of **SECTION III – LIMITS OF INSURANCE.**

    **B.**    This insurance applies only if:

(1) The "damages" are caused by a "wrongful act" that takes place in the "coverage territory"; and

(2) The "wrongful act" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

(3) A "claim" for "damages" because of the rendering of or failure to render "professional services" is first made against any "insured", in accordance with paragraph C. below, and reported to us during the policy period or any Extended Reporting Period we provide as defined in **SECTION V.**

(4) The "claim" is reported to us as soon as practicable after the notice to any "insured".

    **C.**    A "claim" by a person or organization seeking "damages" will be deemed to have been made at the earlier of the following times:

(1) When notice of such "claim" is received by any "insured" or by us, whichever comes first; or

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

6

8641049v.1



(2) When we make settlement in accordance with paragraph 1.A. above.

All "claims" made during the "coverage period" and arising out of or resulting from a single "wrongful act" or a series of related "wrongful acts", shall be considered first made during the policy period or Extended Reporting Period in which the earliest "claim" arising out of or resulting from such "wrongful acts", or related "wrongful acts" were first made, and all such "claims" shall be subject to the Limit of Insurance stated in the Declarations of the policy which applies to such earliest "claim".

### 2. Exclusions

This insurance does not apply to:

A. "Bodily injury", "property damage" or "personal/advertising injury" as defined in this policy, except arising out of or resulting from "wrongful acts" in the rendering or failure to render "professional services".

B. Any dishonest, fraudulent, criminal or malicious act or omission by any "insured" or at the direction of any "insured".

C. The liability of others assumed by an "insured" under any contract or agreement, unless such liability would have attached to that "insured" even in the absence of such agreement.

D. Any "claim" based upon a warranty or guarantee, or breach of contract in respect of any agreement to perform "professional services" for a specified fee.

...

F. Any business enterprise not named in the Declarations, which is owned, controlled, operated or managed by any "insured".

...

O. Any "claim" or "suit" demanding punitive, exemplary or multiple "damages" ("damages" as a means of punishment), except where insurable by law.

...

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
wilsonelser.com

7

8641049v.1



## SECTION II – WHO IS AN INSURED

1. *If you are designated in the Declarations as:*

   **A.** An individual, you and your spouse or domestic partner are "insureds", but only with respect to the conduct of your business of which you are the sole owner;

   **B.** A partnership or joint venture, you are an "insured". Your members, your partners, and their spouses are also "insureds", but only with respect to the conduct of your business;

   **C.** A limited liability company, you are an "insured". Your members are also "insureds", but only with respect to the conduct of your business. Your managers are "insureds", but only with respect to their duties as your managers;

   **D.** An organization other than a partnership, joint venture or limited liability company, you are an "insured". Your "executive officers" and directors are "insureds", but only with respect to their duties as your "executive officers" or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.

2. *Each of the following is also an "insured":*

   **A.** Your "employees", other than either your "executive officers" or other officers (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business;

   **B.** "Temporary workers" or leased professional personnel working on behalf of the Named Insured and under the direct supervision of the Named Insured solely for "professional services" performed for the Named Insured.

   **C.** Any past, present or future officer, director, partner, stockholder, member, manager, leased personnel under your direct supervision, or "employee" for "professional services" performed within the scope of his or her duties on behalf of you or any Additional Insured named in the Declarations.

   **D.** Any person or organization having proper temporary custody of your property if you die, but only until your legal representative has been appointed;

   **E.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

8641049v.1



## SECTION III – LIMITS OF INSURANCE

*1. The Limits of Insurance shown in the Declarations and the rules below fix the most we pay regardless of the number of:*

    *A. "Insureds",*

    *B. "Claims" made or "suits" brought; or*

    *C. Persons or organizations making "claims" or bringing "suits".*

*2. The Each Claim Limit is the most we will pay for the sum of "damages" and "claim expenses" arising out of or resulting from any one "claim".*

*3. The Aggregate Limit is the most we will pay for the sum of all "damages" and "claim expenses" for "claims" first made during the policy period.*

*The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.*

## SECTION IV – CONDITIONS

...

*2. Duties In the Event of an Act, Error, Omission, Claim or Suit*

    *A. Notice of an "incident" is notice of a "claim".*

    *B. You must notify us as soon as practicable of an "incident" involving the rendering of or failure to render "professional services" which may result in a "claim". To the extent possible, notice should include:*

        *(1) How, when and where the act, error or omission took place;*

        *(2) The names and addresses of the potential claimants and other parties having relevant knowledge of it; and*

        *(3) The amount of potential "damages".*

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

9

8641049v.1



*C. If a "claim" is received by any "insured", you must immediately record the specifics of the "claim" and the date received and provide written notice of the "claim" as soon as practicable.*

*D. You and any other involved "insured" must:*

*(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";*

*(2) Authorize us to obtain records and other information;*

*(3) Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and*

*(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to any "insured" because of injury or damage to which this insurance may also apply.*

*E. No "insured" will, except at that "insured's" own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.*

...

### 4. Other Insurance

*If other insurance is available to an "insured" covering a "claim" also covered under this policy (including any policy for which any "insured" has been added as an additional insured), this policy shall be in excess of the sum of the applicable deductible as stated in the Declarations of this policy and the Limits of Insurance of such other insurance whether such other insurance is stated to be primary, pro rata, contributory, excess contingent or otherwise, unless such other insurance.*

...

### 7. Separation of Insureds

*Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies:*

*A. As if each Named Insured were the only Named Insured; and*

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650 • f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

10

8641049v.1



*B. Separately to each "insured" against whom "claim" is made or "suit" is brought.*

## SECTION V- EXTENDED REPORTING PERIOD

*1. Basic Extended Reporting Period is automatically provided. Under this provision, "claims" first made against the Named Insured stated on the Declaration page within the thirty (30) days after the end of the policy period and reported to us after the end of the policy period will be deemed to have been made on the ending date of this policy. The Basic Extended Reporting Period does not apply to "claims" that are covered under any subsequent insurance you purchase, or that would be covered but for the exhaustion of the amount of insurance applicable to such "claim".*

*2. Supplemental Extended Reporting Period is available only by endorsement and for an additional premium and can only be purchased by the First Named Insured.*

*3. If purchased, this period starts at the end of the Basic Extended Reporting Period and is for a period of 12, 24, or 36 months. "Claims" first made against the Named Insured stated on the Declaration page during the Supplemental Extended Reporting Period and reported to us will be deemed to have been made on the last day of this policy but will be subject to the Limit of Insurance set forth in paragraph C. below.*

*A. You must give us a written request to purchase a Supplemental Extended Reporting Period within 30 days after the expiration of this policy as stated on the Declaration page of this policy. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due within 30 days of the expiration date of the policy.*

*B. If you comply with paragraph B. above, we will issue the Supplemental Extended Reporting Period Endorsement which does not reinstate or increase the Limits of Liability. Our Limits of Liability during the Extended Reporting Period will be part of and not in addition to, the Limits of Liability shown in the Declarations.*

*C. We will determine the additional premium for the Supplemental Extended Reporting Period Endorsement in accordance with our rule and rates. The additional premium will not exceed 100% for 12 months, 150% for 24 months, or 175% for 36 months of the full annual premium set forth in the Declarations and any attached endorsements.*

*D. The Supplemental Extended Reporting Period Endorsement will set forth the terms applicable to the Supplemental Extended Reporting Period including a provision to the effect that the insurance afforded is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.*

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

11

8641049v.1



4. *We will automatically provide a Basic Extended Reporting Period. You may purchase a Supplemental Extended Reporting Period if this insurance is:*

    A. *Cancelled or not renewed by either you or the Company for any reason other than non-payment of premium.*

    B. *Renewed or replaced by us with other insurance that has a Retroactive Date later than the Retroactive Date shown; or*

    C. *Renewed or replaced by us with other insurance that does not apply on a claims-made basis.*

    5. *Extended Reporting Periods apply only to "claims" for "wrongful acts" that occur before the end of the policy period and after the Retroactive Date. They do not extend the policy period or change the scope of coverage provided or reinstate or increase the Limits of Insurance applicable to any "claim" to which this insurance applies, except as described in paragraph 2. above. Extended Reporting Periods may not be cancelled once in effect and additional premium for the Extended Reporting Period will be fully earned upon inception of the Extended Reporting Period.*

## SECTION VII – INNOCENT INSURED PROVISION

1.     *Whenever coverage under this insurance would be excluded, suspended or lost:*

    A.     *Because of any exclusion relating to criminal, dishonest, fraudulent or malicious acts, errors or omissions by any "insured", and with respect to which any other "insured" did not personally participate or personally acquiesce in or remain passive after having personal knowledge thereof, or*

    B.     *Because of noncompliance with any condition relating to the giving of notice to the Company with respect to which any other "insured" shall be in default solely because of the failure to give such notice or concealment of such failure by one or more "insureds" responsible for the loss or damage otherwise insured hereunder;*

*The Company agrees that such insurance as would otherwise be afforded under this policy shall cover and be paid with respect to those "insureds" who did not personally commit or personally participate in committing or personally acquiesce in or remain passive after having personal knowledge of (a) one or more of the acts, errors or omissions described in any such exclusion; or (b) such failure to give notice, provided that if the condition be one with which such "insured" can comply, after receiving knowledge thereof, the "insured" entitled to the benefit of this*

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

8641049v.1



Section shall comply with such condition promptly after obtaining knowledge of the failure of any other "insured" to comply therewith.

2.      With respect to this provision, the Company's obligation to pay in such event shall be in excess of the deductible and in excess of the full extent of any assets of any "insured" to whom the exclusion applies. In no event shall the Company's obligation to pay exceed the Limit of Liability stated in the Declarations.

## ENDORSEMENTS

### Real Estate Agents and Brokers Endorsement and Additional Exclusions E064 (1/1/2009)

This insurance does not apply to, nor shall we have the duty to defend or indemnify any "claim" or "suit" arising out of or resulting from:

1.   Any gain, profit or advantage to which the insured is not legally entitled.

...

5.   Any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property; however, this exclusion does not apply to real property to which any Insured has taken legal title solely for immediate resale and has entered into a written contract to sell not later then three hundred sixty-five days (365) days after taking legal title.

6.   Management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial control as your business.

...

### Real Estate Property Managers Additional Exclusions E067(1/1/2009)

This insurance does not apply to, `nor shall we have the duty to defend or indemnify any "claim" or "suit" out of or resulting from:

1.   Any gain, profit or advantage to which the insured is not legally entitled.

...

5.   Any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property;

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

8641049v.1



however, this exclusion does not apply to real property to which any Insured has taken legal title solely for immediate resale and has entered into a written contract to sell not later then three hundred sixty-five days (365) days after taking legal title.

6. Management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial control as your business.

...

## Mortgage Brokers Additional Exclusions E050 (1/1/2009)

This insurance does not apply to, nor shall we have the duty to defend or indemnify any "claim" or "suit" arising out of or resulting from:

1. Services performed for properties that are owned, developed or built by

   1. any insured;

   2. a firm in which any insured has financial interest; or

   3. a firm under the same financial control as the insured's business.

2. Any transaction in which any insured has a financial interest as a buyer or seller of real property.

...

## Asset Managers Additional Exclusions E917 (3/1/2011)

This insurance does not apply to, nor shall we have the duty to defend or indemnify any "claim" or "suit" arising out of or resulting from:

8. Any transaction in which any insured has a financial interest as a buyer or seller.

...
10. Any gain, profit or advantage to which the insured is not legally entitled.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

14

8641049v.1



## IV.   ANALYSIS

### A. Who is an Insured

With respect to the Lawsuit, Maxum issues this Reservation of Rights to Colliers only at this time because neither Colliers nor Deitch have requested coverage for Deitch. We reserve the right to amend or supplement this analysis if Deitch requests coverage.

### B. Duty to Defend and Duty to Indemnify

The question of whether Maxum has a duty to defend is separate and independent from the question of whether Maxum would be required to indemnify Colliers or Deitch for any damages recovered against Colliers or Deitch in the Lawsuit, because an insurer's duty to defend is broader than its duty to indemnify. Shafe v. American States Ins. Co., 653 S.E.2d 870, 873 (Ga. App. 2007) (citing *Penn–America Ins. Co. v. Disabled American Veterans,* 481 S.E.2d 850 (Ga. App. 1997)). Unlike the duty to defend, the duty to indemnify in this matter may not mature. See Nationwide Mutual Fire Ins. Co. v. Dillard House, Inc., 651 F.Supp.2d 1367, 1372-73 (N.D. Ga. 2009) (noting that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.)

Under Georgia law, an insurer's duty to defend an insured in a lawsuit is determined by comparing the allegations of the complaint with the provisions of the policy. Brit UW Ltd. Hallister Property Development, LLC, 6 F.Supp.3d 1321, 1326 (N.D. Ga. 2014) (citing Auto-Owners Ins. Co. v. State Farm Fire & Cas. Co., 678 S.E.2d 196 (2009)). If the complaint asserts a claim that is potentially covered by the policy, the insurer has a duty to defend the insured in the lawsuit. Id. Only if the complaint unambiguously excludes coverage is the insurer excused of its duty to defend. Id., (citing Penn–Am. Ins. Co., v. Disabled Am. Veterans, Inc., 490 S.E.2d 374 (Ga. 1997) (explaining that an insurer has a duty to defend unless the factual allegations in the complaint show that there is no coverage under the policy)).

In the matter at hand, the Policy applies to professional services "solely in the performance of real estate agent, real estate broker, real estate personal assistant, real estate property management, mortgage broker (including loan servicing), construction and project management services for others for a fee." See Common Policy Declarations and P056 (08/11) at Sections I.1.A, VIII.15, and VIII.15 19. As we note below, coverage may be denied because the Amended Complaint also asserts allegations that cause certain exclusions to be applied.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver• Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

15

8641049v.1



## C. First Claim Notice Was Outside Reporting Period

Before discussing possible exclusions, we first note a threshold issue with respect to Colliers' and Deitch's duties under the reporting period. Specifically, Maxum is not required to provide any coverage to Colliers or Deitch because neither Colliers nor Deitch reported any claim during the Supplemental Reporting Period. On June 29, 2017, Maxum received a copy of a letter dated March 30, 2016, in which Mattress Firm requested that Colliers execute a litigation hold letter in exchange for Mattress Firm's forbearance in filing suit. This letter also requested that Colliers take certain actions, including requiring Deitch to no longer be authorized to represent Mattress Firm in any matters and requiring other Collier's representatives to complete a pending transaction so that it is not disrupted.

The March 30, 2016, letter from Mattress Firm is the first indication of any claim or notice of claim. Thus, this claim was made and reported to Maxum outside the reporting period. Specifically, the Policy requires that a claim be made and reported to Maxum "during the policy period or any Extended Reporting Period…" P056 (08/11) at I.1.B(3). The basic policy period ran from January 1, 2015 to January 1, 2016. Under the basic extended reporting period, "claims first made against" Colliers or an insured "within 30-days after the end of the policy period and reported to Maxum after the end of the policy period will be deemed to have been made on the ending date of the policy." P056 (08/11) at V.1. Colliers' Supplemental Extended Reporting Period ran from February 1, 2016, to February 1, 2017. E1052 (4/1/2012). So Colliers had through February 1, 2017, to report any claims to Maxum under the Policy. However, Colliers failed to report any claim until June 29, 2017, at the earliest. Therefore, Maxum has no duty to provide any coverage to Colliers or Deitch because the March 30, 2016, letter was not provided to Maxum until June 29, 2017 (four months and four weeks after the reporting deadline). See Illinois Union Ins. Co. v. NRI Const. Inc., 846 F.Supp.2d 1366, 1370 (N.D. Ga. 2012); (internal citations omitted) (stating that "[u]nder Georgia law, a notice provision which is made a condition precedent to coverage is valid, and where an insured has failed to demonstrate sufficient justification for failure to provide notice in accordance with such notice provision, the insurer is not obligated to provide coverage or a defense."); see also Simpson & Creasy v. Continental Casualty Company, 770 F.Supp.2d 1351 (S.D. Ga. 2011) (holding that insurer was entitled to summary judgment because insured's claim was first made before the policy period.); Professional Underwriters Liability Ins. Co. v. Vito, 2005 WL 1630531 (M.D. Ga. 2005) (in coverage action for underlying medical malpractice lawsuit, the Middle District of Georgia held that a third surgery and damages from the surgery were excluded from coverage as outside the time limits contained in the malpractice policy). At this time, however, Maxum reserves its rights to decline coverage to Colliers or Deitch in order to determine whether coverage may be precluded on the basis that Colliers failed to timely report any claim within the reporting period.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

8641049v.1



**D. Exclusions**

### 1.   Dishonest, Fraudulent, Criminal or Malicious Act or Omission

The Policy does not apply to "[a]ny dishonest, fraudulent, criminal or malicious act or omission by any 'insured' or at the direction of any "insured." P056 (08/11) at Section I.2.B. "An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. The construction of an unambiguous contract is a question of law for the court. And in such a case, '[w]here the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning.'" Federated Mutual Ins. Co. v. Ownbey Enterprises, Inc., 627 S.E.2d 917, 921 (Ga. App. 2006) (internal citations omitted).

With respect to Colliers, we believe that coverage may be excluded because the Amended Complaint alleges that Colliers participated in the fraudulent and self-serving activities, including but not limited to: alleged bribery and kickbacks; false sales forecasts; misrepresentation of projected per store sales; allowing Deitch to engage in actions that are fraudulent, "phony" and "bogus," and in direct conflict with the interests of Mattress Firm; and concealing the other tortfeasors' fraudulent activities.

With respect to Deitch, we believe that coverage may be excluded because the allegations and counts in the Amended Complaint, with exception to Count Six (Negligence of Colliers), revolve around the alleged fraudulent actions of Deitch. Thus, a plain reading of the Amended Complaint in conjunction with a plain reading of this exclusion means that coverage should be excluded as to Deitch.

As such, we believe that the "dishonest, fraudulent, criminal or malicious act or omission exclusion under Form P056 (08/11) at Section I.2.B applies to the Lawsuit, and, therefore, Maxum reserves its rights under the Policy in order to determine whether the exclusion under Form P056 (08/11) at Section I.2.B may preclude coverage against Mattress Firm's Lawsuit.

### 2.   Endorsement E064 (1/1/2009): Real Estate Agents and Brokers Endorsement and Additional Exclusions

Pursuant to Endorsement E064 (1/1/2009) ("Real Estate Agents and Brokers Endorsement and Additional Exclusions"), the Policy does not apply to, nor does Maxum have a duty to defend or indemnify any claim or suit arising out of or resulting from:

1.   Any gain, profit or advantage to which the insured is not legally entitled.

. . .

5.   Any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property however, this exclusion does not

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

17

8641049v.1



apply to real property to which any Insured has taken legal title solely for immediate resale and has entered into a written contract to sell not later than three hundred sixty-five days (365) days after taking legal tile.

...

6.    Management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business.

...

As noted above, however, these exclusions are clear and unambiguous and, therefore, these exclusions must be given their literal meanings. See Federated Mutual Ins. Co., 627 S.E.2d at 921. We believe that coverage is excluded on the basis that the majority of the allegations against Colliers and Deitch, if not all, fall within one or more of these exclusions. Specifically, coverage to both Colliers and Deitch may be excluded because the Lawsuit arises out of: gain, profit or advantage to which Colliers and Deitch are not legally entitled (i.e. Exclusion 1); numerous transactions in which Deitch had direct and indirect beneficial ownership interests as a buyer or seller of real property (i.e. Exclusion 5); and management of property that is owned by one of Deitch's corporate entities in which he has a financial interest (i.e. Exclusion 6).

With respect to Exclusion 1, coverage to Colliers and Deitch may be excluded because the Lawsuit essentially arises out of Colliers and Deitch improperly engaging in fraud, bribery, and kickback to obtain gain, profit and advantage to which they were not entitled.  With respect to Exclusions 5 and 6, coverage to Colliers and Deitch may be excluded because the Lawsuit arises out of Deitch's performance of transactions that are in direct conflict of interest against Mattress Firm, in which Deitch had direct and indirect beneficial ownership interests as a buyer or seller of real property, and in which Colliers had knowledge but allowed such transactions, including but not limited to Deitch's ownership of stores leased to Mattress Firm and Deitch's secret purchases of properties where Mattress Firms were to be located.

Since the allegations in the Amended Complaint trigger these exclusions, Maxum reserves its rights under the Policy in order to determine whether these exclusions under Endorsement E064 (1/1/2009) may preclude coverage against Mattress Firm's Lawsuit.

3.    Endorsement E067 (1/1/2009) : Real Estate Property Managers
      Additional Exclusions

Pursuant to Endorsement E067 (1/1/2009) ("Real Estate Property Managers Additional Exclusions"), the Policy does not apply to, nor does Maxum have a duty to defend or indemnify any claim or suit [arising] out of or resulting from:

1.    Any gain, profit or advantage to which the insured is not legally entitled.

...

950 East Paces Ferry Road Suite # 2650 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
wilsonelser.com

18

8641049v.1



5.   Any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property however, this exclusion does not apply to real property to which any Insured has taken legal title solely for immediate resale and has entered into a written contract to sell not later than three hundred sixty-five days (365) days after taking legal tile.

...

6.   Management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business.

...

Because the language of the exclusions in this endorsement mirror that of Endorsement E064 (1/1/2009), Maxum reserves its rights under the Policy in order to determine whether these exclusions under Endorsement E067 (1/1/2009) may preclude coverage against Mattress Firm's Lawsuit.

### 4.   Endorsement E050  (1/1/2009) :  Mortgage Brokers Additional Exclusions

Pursuant to Endorsement E050 (1/1/2009) ("Mortgage Brokers Additional Exclusions"), the Policy does not apply to, nor does Maxum have a duty to defend or indemnify any claim or suit [arising] out of or resulting from:

1.   Services performed for properties that are owned, developed or built by

1.   any insured;

2.   a firm in which any insured has financial interest; or

3.   a firm under the same financial control as the insured's business.

2.   Any transaction in which any insured has a financial interest as a buyer or seller of real property.

These exclusions are also clear and unambiguous and, therefore, these exclusions must be given their literal meanings. See Federated Mutual Ins. Co., 627 S.E.2d at 921. And therefore, coverage may be excluded on the basis that brokerage services were performed for properties that were owned by Deitch directly or through other entities in which Deitch had a financial interest, including those properties leased to Mattress Firm and in which Deitch held interests, those properties purchased and assigned to co-defendant developers who imposed above-market rent and lease terms, Deitch's imposition of "phony" and "bogus" development fees and

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

19

8641049v.1



brokerage fees to developers, and Colliers knowing of, allowing, and concealing such acts by Deitch.

Since the allegations in the Amended Complaint trigger these exclusions, Maxum reserves its rights under the Policy in order to determine whether these exclusions under Endorsement E050 (1/1/2009) may preclude coverage against Mattress Firm's Lawsuit.

### 5. Endorsement E917 (3/1/2011) : Asset Managers Additional Exclusions

Pursuant to Endorsement E917 (3/1/2011) ("Asset Managers Additional Exclusions"), the Policy does not apply to, nor does Maxum have a duty to defend or indemnify any claim or suit [arising] out of or resulting from:

8.    Any transaction in which any insured has a financial interest as a buyer or seller.

10.    Any gain, profit or advantage to which the insured is not legally entitled.

Because the exclusions in this endorsement mirror that of other exclusions, including various exclusions found in Endorsements E064 (1/1/2009), E067 (1/1/2009), and E050 (1/1/2009), discussed above, Maxum reserves its rights under the Policy in order to determine whether these exclusions under Endorsement E917 (3/1/2011) may preclude coverage against Mattress Firm's Lawsuit.

### 6.    Negligence Claim Against Colliers

Coverage may also be denied with respect to the negligence claim made against Colliers in Count 6 of the Lawsuit. Specifically, Mattress Firm has alleged that Colliers is negligently liable because it failed to exercise care in the selection, supervision, and retention of Deitch, who committed dishonest, fraudulent, criminal or malicious acts or omissions through a massive, nationwide, multi-year fraud, bribery, and kickback scheme. Because the negligence claim against Colliers "arose out of" Deitch's actions, Maxum may deny coverage to Colliers as to this negligence count. See Continental Casualty Company v. HIS Financial Services, Inc., 81 F.3d 1087 (11th Cir. 1996) and Continental Casualty Company v. HIS Financial Services, Inc., 466 S.E.2d 4 (Ga. 1996). Maxum may be able to deny coverage for the negligence count because such negligence arose out of Deitch's actions, for which coverage is excluded under the exclusions discussed above. Therefore, Maxum reserves its rights under the Policy in order to determine whether coverage for Court 6 of the Amended Complaint may be disclaimed.

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650 • f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains

**wilsonelser.com**

20

8641049v.1



### 7.    Exemplary Damages

In the Lawsuit, Mattress Firm seeks exemplary damages against all the defendants, including Colliers and Deitch. However, the Policy excludes "[a]ny 'claim' or 'suit' demanding punitive, exemplary or multiple 'damages' ('damages' as a means of punishment), except where insurable by law." P056 (08/11) at Section I.2.O. As such, Maxum is not required to cover exemplary damages if such damages are awarded against Colliers or Deitch. Therefore, Maxum specifically denies coverage for any exemplary damages that may be awarded in favor of Mattress Firm and against Colliers or Deitch. See Southern v. Sphere-Drake Ins. Co., Inc., 486 S.E.2d 674, 676 (Ga. App. 1997) (holding that punitive damages exclusion contained in bar's general liability policy precluded coverage for punitive damages sought by bar patrons who were injured in altercation with bar employees).

### 8.    Waiver/Estoppel

This Reservation of Rights Letter does not constitute, nor should it be considered, a relinquishment by Maxum of any and all other terms, conditions, exclusions, or other provisions of the Policy. Maxum expressly reserves all of its rights under the Policy, including the right to assert additional defenses to any claims for coverage, if subsequent information, allegations, or evidence indicate that such action is warranted. Neither anything in this letter, nor any act of Maxum, is to be considered as a waiver of any known or unknown defenses either under the applicable policy, or the law, by failing to expressly set those out in such letters. Maxum reserves the right to rely upon additional defenses as they become known. Maxum further reserves the right to supplement, modify and amend its coverage position within this letter as new facts are learned or new allegations are made.

## V.   CONCLUSION

At this time, Maxum will honor its defense obligations to Colliers under a reservation of rights. Because a request for coverage as to Deitch has not yet been made, Maxum will not address whether it will provide coverage for Deitch. Please advise immediately if Deitch seeks coverage. In the meantime, Maxum continues to reserve the right to re-evaluate its current position and will re-evaluate its current position should additional facts or evidence be discovered that would merit supplementation, modification, or amendment of Maxum's position. Maxum's Reservation of Rights also includes, but is not limited to, the right to withdraw and decline coverage to Colliers, and Deitch if applicable, and to refuse to indemnify Colliers, and Deitch if applicable, for any judgment entered against it or settlement negotiated on its behalf during the Lawsuit. Maxum reserves the right to withdraw from defending Colliers, and Deitch if applicable, at anytime during the Lawsuit and reserves the right to refuse to indemnify, and Deitch if applicable, for any judgment entered against it or settlement negotiated on its behalf during the Lawsuit once additional facts or evidence are discovered that would merit a

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas
London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Virginia • Washington, DC • West Palm Beach • White Plains
**wilsonelser.com**

21

8641049v.1



subsequent formal denial or disclaimer of coverage, as discussed above. We note that any claims for exemplary damages are specifically denied under the Policy. Should Maxum withdraw from the defense of the Lawsuit at anytime during the Lawsuit, Maxum will provide reasonable notice to Colliers, and Deitch if applicable, of Maxum's intention. Please also note that Colliers, and Deitch if applicable, will be responsible for retaining counsel and providing its own defense costs, fees, and expenses if Maxum withdraws from defending Colliers, and Deitch if applicable. Maxum also reserves the right to potentially seek an action for declaratory judgment to determine Maxum's duties with respect to the above referenced Lawsuit. Maxum reserves the right to withdraw from defending Colliers, and Deitch if applicable, should a lawsuit arise or to litigate or arbitrate, in a separate action, its alleged rights and obligations. And should monies or amounts arise for defense of potentially non-covered claims, as well as amounts incurred for indemnity of non-covered claims, Maxum further reserves the right to seek reimbursement for these monies or amounts.

If any of the factual information relied upon by us in this letter is materially incorrect, or if you possess any additional information or evidence which you believe impacts the coverage position taken herein, please immediately contact Maxum and the undersigned, as per the requirements of the Policy and by law. Finally, if you have any additional questions or exceptions regarding our coverage position, please advise the undersigned immediately of the basis for your disagreement.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jeffrey W. Melcher

cc:   James Hopkins, AIC, Senior Claims Advocate, Pritchard & Jerden, One Atlanta Plaza, 950 East Paces Ferry Road, NE, Suite 2000, Atlanta, GA 30326 (via Certified Mail).

Susan K. Phillips, RPLU, CRC Insurance Services, PO Box 59698, Birmingham, AL 35259-9689 (via Certified Mail).

950 East Paces Ferry Road Suite # 2850 • Atlanta, Georgia 30326 • p 470.419.6650• f 470.419.6651

Albany •Atlanta • Austin • Baltimore • Beaumont • Boston• Chicago •Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford Virginia • Washington, DC • West Palm Beach • White Plains
wilsonelser.com

22

8641049v.1