IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:18-CV-01236-WSD |
| COLLIERS INTERNATIONAL – ) | |
| ATLANTA, LLC; and, ) | |
| ALEXANDER DEITCH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO JOIN A PARTY UNDER RULE 19**

Defendant Colliers International – Atlanta, LLC ("Collier") files this Memorandum of Law in support of its Motion to Dismiss.

**STATEMENT OF FACTS**

1. Plaintiff Maxum Indemnity Company ("Maxum") seeks a judgment declaring that it has no obligation to Defendants under its insurance policy for any claims, losses, or other damages or liability asserted in a lawsuit currently pending in the District Court of Harris County, Texas, 151st Judicial District, Case No. 2017-731196 ("Underlying Lawsuit"). *See* Complaint for Declaratory Judgment [Doc. 1].

2. The claims asserted against the Defendants in the Underlying Lawsuit are brought by Mattress Firm, Inc. ("Mattress Firm"). *Id.*

3. Maxum has not named Mattress Firm as a party to this declaratory judgment action. *Id.*

## ARGUMENT AND CITATIONS TO AUTHORITY

Mattress Firm is a required party that must be joined pursuant to Fed.R.Civ.P. 19(a). Colliers requests the Court to direct Maxum to add Mattress Firm as a party to this action. If Maxum fails to do so, or if joinder is not feasible, this action should be dismissed pursuant to Fed. R. Civ. P. 19(b) or 41(b).

**I.      Legal Standard.**

When deciding a motion to dismiss under Rule 12(b)(7), courts undertake a two-step inquiry. *Molinas Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, courts decide if an absent party is required under Rule 19(a). Second, if joinder of the required party is not feasible, the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b); *see also Lexington Ins. Co. v. Moore Stephens Tiller, LLC*, 2016 WL 9453996, at *1 (N.D. Ga. Apr. 29, 2016).

"When the court decides under Rule 19(a) that a person should be joined, the court should direct the plaintiff to amend his complaint to add the person." *English*

*v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47 (5th Cir. 1972)[1]; *see also Lexington Ins. Co.*, 2016 WL 9453996, at *1. Failure to comply with such an order may result in dismissal of the plaintiff's action under Rule 41(b). *Id.* at 47-48.

## II.     Mattress Firm is a required party under Rule 19(a).

Mattress Firm is a required party because it has an interest in the subject matter of this declaratory judgment action such that disposing of the action without Mattress Firm will impede its ability to protect its interests.

The Federal Rules of Civil Procedure mandate joinder of all persons whose interests in the subject matter of an action would be impaired by disposal of the action in their absence. Rule 19 provides:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[1] Decisions of the former Fifth Circuit handed down prior to October 1, 1981 were adopted by the Eleventh Circuit as binding precedent in *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a).

The Eleventh Circuit has routinely held that plaintiffs in an underlying action have an interest in a declaratory judgment action brought by an insurer against an insured defendant. *See e.g., Geico Gen. Ins. Co. v. Gould*, 595 Fed. Appx. 901, 906 (11th Cir. 2014)*; American Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. App'x. 540, 542 (11th Cir. 2005); *see also Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 684 (5th Cir. 1974); *Owners Insurance Company v. Rightway Drywall, Inc.*, 2011 WL 2473134, *1 (M.D. Ga. 2011); *Colony Nat'l Ins. Co. v. Teaford Co., Inc.*, 2010 WL 4339369, *2 (N.D. Ga. 2010); *White-Spunner Construction, Inc. v. Zurich American Ins. Co.*, 2010 WL 3489956 * 3-4 (S.D. Ala. 2010); *Owners Insurance Company v. Bryant*, 2006 WL 50488 *3-4 (M.D. Ga. 2006). The absence of tort plaintiffs to such a declaratory judgment action impairs their ability to protect their interest within the meaning of Fed.R.Civ.P. 19(a)(1)(B)(1). For instance, if the Court enters a declaration of non-coverage without joining the absent tort claimants, the "claimants would have to contend with the *stare decisis* effect of such a judgment." *Ranger*, 488 F.2d at 683; *see also American Safety*, 129 Fed. App'x. at 542; *Gould*, 595 Fed. Appx. at 906; *Teaford Co., Inc.*,

4

2010 WL 4339369 at 2-3; *White*-Spunner, 2010 WL 3489956 at 4; *Rightway Drywall*, 2011 WL 2473134 at 1. As a result, these cases hold that tort claimants are necessary parties to an insurer's declaratory judgment action against the insured tort defendant.

Under this precedent, Mattress Firm is a required party under Rule 19(a). First, Mattress Firm has an interest in the subject matter of this declaratory judgment action. Mattress Firm's interest in collecting any judgment against Colliers in the Underlying Lawsuit is implicated in this declaratory judgment action regarding Maxum's duty to indemnify Colliers. Second, Mattress Firm's absence precludes it from presenting any arguments for coverage, and the potential preclusive effect of a declaration of non-coverage in Mattress Firm's absence will, as a practical matter, impede its ability to protect its interests. Finally, there is no indication that joinder would deprive the court of subject-matter jurisdiction. According to prior filings with this court and the Georgia Secretary of State's online records, Mattress Firm is a Delaware corporation with its principal place of business located in Texas. Its joinder will not deprive the Court of jurisdiction under 28 U.S.C. § 1332. As a result, Mattress Firm is a required party under Rule 19(a) that must be joined.

### III. <u>Maxum is required to join Mattress Firm as a party to this suit.</u>

On a motion under Rule 12(b)(7), the court must initially determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). *See* 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.). If it can, the court should order the absentee brought into the action. *Id.* Colliers therefore requests that the Court order Maxum to add Mattress Firm as a party to this action within 30 days.

### CONCLUSION

Defendant Colliers International – Atlanta, LLC requests the Court to order Maxum to join Mattress Firm, Inc. as a defendant in this action within 30 days. If Maxum fails to do so, or if joinder is not feasible, Colliers respectfully requests that the dismiss the action under Fed. R. Civ. P. 41(b). *See English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47 (5th Cir. 1972) ("Failure to comply with such an order [requiring joinder of party] may result in dismissal of the plaintiff's action under Rule 41(b) for failure of a party to comply with an order of court.")

Respectfully submitted, this 18th day of April, 2018.

                                                      **FELLOWS LABRIOLA LLP**

                                                      <u>s/ Shattuck Ely          </u>
                                                      Shattuck Ely
                                                      Georgia Bar No. 246944
                                                      tely@fellab.com
                                                      Michael Gretchen
                                                      Georgia Bar No. 522171

Peachtree Center  
Suite 2300 South Tower  
225 Peachtree Street, N.E.  
Atlanta, Georgia 30303  
(404) 586-9200

mgretchen@fellab.com

Attorneys for Defendants

## **CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, pursuant to LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14 point font, which is one of the font and point selections approved in LR 5.1, NDGa.

s/Shattuck Ely  
Shattuck Ely

## **CERTIFICATE OF SERVICE**

I certify that this day, I electronically filed the foregoing using the Court's CM/ECF system, which will send email notification to the following counsel of record:

> Jeffrey Melcher, Esq.
> Frank I. Chao, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
> 950 East Paces Ferry Road, N.E.
> Suite 2850
> Atlanta, Georgia 30326

Respectfully submitted, this 18th day of April, 2018.

                                                s/Shattuck Ely
                                                Shattuck Ely