## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO.  1:18-CV-01236-WSD |
| | ) | |
| vs. | ) | |
| | ) | |
| Colliers International –  Atlanta, LLC, and | ) | |
| Alexander Deitch. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

*(a)    Describe briefly the nature of this action.*

This is an action for declaratory judgment in which Plaintiff Maxum Indemnity Company ("Maxum") alleges that it is not required to provide professional liability insurance coverage to Defendant Colliers International – Atlanta, LLC ("Colliers International") or Defendant Alexander Deitch ("Deitch") for claims asserted against Colliers International and Deitch (collectively "Defendants") by Mattress Firm, Inc. ("Mattress Firm") in Harris County, Texas, Case No.: 2017-731196 ("Underlying Lawsuit").  Defendants deny the allegations in the Complaint.

(b)     *Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

Maxum issued a professional liability policy, policy number PFP-6023915-02, to Colliers International and additional insureds, including but not limited to Deitch, for an initial period of January 1, 2015 to January 1, 2016, wherein Maxum would provide insurance coverage for errors and omissions by Colliers International and Deitch in the performance of services as a real estate agent, real estate broker, real estate personal assistant, real estate property management, mortgage broker (including loan servicing), and for construction and project management services for others for a fee ("Insurance Policy").

The Insurance Policy requires that a "claim" for "damages" because of the rendering of or failure to render "professional services" must be reported to Maxum before the end of the supplemental extended reporting period of February 1, 2017.  The Insurance Policy also contains various exclusions that preclude coverage.

Maxum contends that both Defendants failed to timely report a claim and also alleges that various exclusions, including exclusions referenced in subsections (c)3 through (c)7, below, apply that preclude coverage.  Defendants deny such contentions.

*(c)     The legal issues to be tried are as follows:*

1. Generally, whether Maxum has a contractual duty to provide insurance coverage to Defendants in the Underlying Lawsuit.

2. Whether Defendants failed to timely report any claim pursuant to the Insurance Policy which would preclude insurance coverage to Defendants in the Underlying Lawsuit.

3. Whether Form P056 (08/11) (Dishonest, Fraudulent, Criminal or Malicious Act or Omission) would preclude insurance coverage to Defendants in the Underlying Lawsuit.

4. Whether Endorsement E064 (1/1/2009) which excludes "any gain, profit or advantage to which the insured is not legally entitled," "any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property…," or "management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business" would preclude insurance coverage to Defendants in the Underlying Lawsuit.

5. Whether the Insurance Policy excludes negligence claims thereby precluding insurance coverage to Defendants in the Underlying Lawsuit.

6. Whether Form P056 (08/11) excludes coverage for exemplary damages in the Underlying Lawsuit.

3

7. Whether the Innocent Insured Provision in the Insurance Policy applies.

8. Whether Deitch was excused from providing notice of claims until disclosure of the Insurance Policy was provided to him.

9. Defendants believe that the legal issue of whether Maxum has failed to provide coverage to Defendants in the Underlying Lawsuit should be tried. Maxum objects to incorporating this legal issue into the Joint Preliminary Report and Discovery Plan.

10. Whether Maxum has a duty to defend Defendants during the Underlying Lawsuit.

    *(d)*    *The cases listed below (include both style and action number) are*:

        (1)    *Pending Related Cases*:

            None.

        (2)    *Previously Adjudicated Related Cases:*

            None.

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

    _____   (1)   Unusually large number of parties

    _____   (2)   Unusually large number of claims or defenses

    _____   (3)   Factual issues are exceptionally complex

    _____   (4)   Greater than normal volume of evidence

  X       (5)   Extended discovery period is needed

_____   (6)   Problems locating or preserving evidence

_____   (7)   Pending parallel investigations or action by government

_____   (8)   Multiple use of experts

_____   (9)   Need for discovery outside United States boundaries

_____   (10)  Existence of highly technical issues and proof

_____   (11)  Unusually complex discovery of electronically stored information.

**3.**     **Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

**For the Plaintiff (Maxum):**

Jeffrey Melcher
Frank Chao
Wilson Elser Moskowitz Edelman & Dicker, LLP
950 East Paces Ferry Rd,
Suite 2850
Atlanta, GA 30326
Phone: 470.419.6650
Fax: 470.419.6651
jeffrey.melcher@wilsonelser.com
frank.chao@wilsonelser.com

**For the Defendant (Colliers International):**

Shattuck "Tucker" Ely
Michael Gretchen
Fellows LaBriola LLP
Peachtree Center
Suite 2300 South Tower

5

225 Peachtree Street, N.E.
Atlanta, GA 30303
Phone:  (404) 586-9200
tely@fellab.com
mgretchen@fellab.com

**For the Defendant (Deitch):**

Kevin L. Ward
J. Zachary Zimmerman
Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
Phone: (404) 688-6800
Fax: (404) 688-6840
k.ward@swtwlaw.com
z.zimmerman@swtwlaw.com

**4.    Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

_____Yes      ___X___No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the  claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.    Parties to This Action:**

*(a)  The following persons are necessary parties who have not been joined:*

Maxum contends that there are no other necessary parties who have not been joined.

6

Defendants contend that Mattress Firm, Inc. is a necessary and indispensable party who has not yet been joined. A Motion To Dismiss For Failure To Join A Party Under Rule 19 [Doc. 6] was filed by Colliers International on April 18, 2018, and joined by Deitch on May 16, 2018.

*(b)  The following persons are improperly joined as parties:*

None.

*(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None.

*(d)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None.

*(e) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a)  List separately any amendments to the pleadings that the parties anticipate*

7

9004204v.1

*will be necessary:*

If Colliers International's Motion to Dismiss is granted or is unopposed by Maxum, then Maxum intends to file an Amended Complaint which adds Mattress Firm, Inc. as an indispensable party or defendant.

## 7.   **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8

**8.    INITIAL DISCLOSURES:**

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis  for the party's objection.  NOTE: Your initial disclosures should include electronically stored  information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).*

**9.    Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court?  If so, please state the  issues which could be addressed and the position of each party.*

Not at this time.

**10.   Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant  by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be  completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero  month discovery period, (b) four months discovery period, and (c) eight months discovery  period. A chart showing the assignment of cases to a discovery track by filing category is  contained in Appendix F. The track to which a particular case is assigned is also stamped on  the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

    i.     The terms and conditions of the Insurance Policy;

    ii.    The facts and timeline regarding Defendants' reporting of any claim related to the Underlying Lawsuit; and

    iii.   The actions or inactions of Defendants that Plaintiff contends may preclude insurance coverage under the Insurance Policy.

    iv.   The nature of the claims asserted by Mattress Firm, Inc. in the Underlying Lawsuit against Colliers International and Deitch.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties request a six-month discovery period to begin 30 days after the last Defendant files its Answer.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

None.

*(b) Is any party seeking discovery of electronically stored information?*

10

X   Yes

____No

*If "yes,"*

*(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

This case may not involve the discovery of Electronically Stored Information ("ESI"), but the parties have checked "yes" above because they cannot rule out, at this time, that discovery of ESI will be necessary.  In any event, the parties do not expect any exceptional issues to arise relating to the production of ESI and, as such, do not believe any specific limitations are needed at this time.  In the event such issue(s) arise, the parties have agreed to work together in good faith and, if possible, come to a mutual agreement as it relates to the production of ESI.

*(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files, JPEG, Computer Automated Design native and drawing files), Portable Document Format (PDF), or native), method of production (e.g., paper and electronic medium or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

11

ESI, if any, will be produced as native files in a form readable on generally available software.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

**12.   Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

None, at this time.

**13.   Settlement Potential:**

*(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 4, 2018, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

**For Plaintiff (Maxum):**

Lead counsel (signature):       */s/ Jeffrey Melcher*
                                Jeffrey Melcher

                                */s/ Frank Chao*
                                Frank Chao

**For the Defendant (Colliers International):**

Lead counsel (signature): 　　　*/s/ Shattuck Ely*
　　　　　　　　　　　　　　　Shattuck Ely

　　　　　　　　　　　　　　　*/s/ Michael Gretchen*
　　　　　　　　　　　　　　　Michael Gretchen

**For the Defendant (Deitch):**

Lead counsel (signature): 　　　*/s/ Kevin Ward*
　　　　　　　　　　　　　　　Kevin L. Ward

　　　　　　　　　　　　　　　*/s/ Zachary Zimmerman*
　　　　　　　　　　　　　　　J. Zachary Zimmerman

*(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

　　　(_) A possibility of settlement before discovery.

　　　(x) A possibility of settlement after discovery.

　　　(_) A possibility of settlement, but a conference with the judge is needed.

　　　(_) No possibility of settlement.

*(c) Counsel (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.*

The proposed date of the next settlement conference is undetermined at this time.

9004204v.1

*(d)   The following specific problems have created a hindrance to settlement of this case:*

None, at this time.

**14.   Trial by Magistrate Judge:**

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day____, of 20 _____.

(b)   The parties (<u>X</u>) **do not** consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 18th day of May, 2018.

WILSON ELSER MOSKOWITZ          FELLOWS LABRIOLA LLP
EDELMAN & DICKER, LLP

<u>/s/ Jeffrey Melcher</u>          <u>/s/ Shattuck Ely</u>
Jeffrey W. Melcher          Shattuck Ely
Georgia Bar No. 501180          Ga. State Bar No.: 246944
Frank Chao          Michael Gretchen
Ga. State Bar No.: 949116          Ga. State Bar No.: 522171
950 East Paces Ferry Rd,          Peachtree Center
Suite 2850          Suite 2300 South Tower
Atlanta, GA 30326          225 Peachtree Street, N.E.
470.419.6650          Atlanta, Georgia 30303
470.419.6651 facsimile          (404) 586-9200
jeffrey.melcher@wilsonelser.com          tely@fellab.com

14

frank.chao@wilsonelser.com

*Attorneys for Plaintiff Maxum Indemnity Company*

mgretchen@fellab.com

*Attorneys for Defendant Colliers International–Atlanta, LLC*

SCHULTEN WARD TURNER & WEISS, LLP

*/s/ Kevin Ward*
Kevin L. Ward
Ga. Bar No.: 737020
J. Zachary Zimmerman
Ga. Bar No.: 785135
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
Phone: (404) 688-6800
Fax: (404) 688-6840
k.ward@swtwlaw.com
z.zimmerman@swtwlaw.com
*Attorneys for Defendant Alexander Deitch*

9004204v.1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO.  1:18-CV-01236-WSD |
| | ) | |
| vs. | ) | |
| | ) | |
| Colliers International –  Atlanta, LLC, and | ) | |
| Alexander Deitch. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS

The parties hereby certify that the foregoing has been prepared using Times

New Roman 14-point font as required by Local Rule 5.1C.

> WILSON  ELSER  MOSKOWITZ  EDELMAN  &
> DICKER, LLP
>
> /s/ *Jeffrey Melcher*
> Jeffrey W. Melcher
> Georgia Bar No. 501180
> Frank Chao
> Ga. State Bar No.: 949116
> 950 East Paces Ferry Rd,
> Suite 2850
> Atlanta, GA 30326
> 470.419.6650
> 470.419.6651 facsimile
> jeffrey.melcher@wilsonelser.com
> frank.chao@wilsonelser.com

16

9004204v.1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO.  1:18-CV-01236-WSD |
| | ) | |
| vs. | ) | |
| | ) | |
| Colliers International –  Atlanta, LLC, and | ) | |
| Alexander Deitch. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The parties hereby certify that the foregoing <u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u> was electronically filed with the Court on May 18th, 2018, using the CM/ECF system, which will electronically serve all counsel of record in this matter.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

<u>/s/ *Jeffrey Melcher*</u>
Jeffrey W. Melcher
Georgia Bar No. 501180
Frank Chao
Ga. State Bar No.: 949116
950 East Paces Ferry Rd,
Suite 2850
Atlanta, GA 30326
470.419.6650
470.419.6651 facsimile

17

9004204v.1

jeffrey.melcher@wilsonelser.com
frank.chao@wilsonelser.com