**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Maxum Indemnity Company, ) | CIVIL ACTION FILE |
| Plaintiff, ) | NO.  1:18-CV-01236-WSD |
| vs. ) | |
| Colliers International –  Atlanta, LLC, ) | |
| Alexander Deitch, and Mattress Firm, Inc. ) | |
| Defendants. ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Maxum Indemnity Company ("Maxum") and petitions this Court for a declaration that Maxum is not required to provide professional liability insurance coverage to Defendant Colliers International – Atlanta, LLC, including but not limited to any and all of Defendant Colliers International – Atlanta, LLC's past and current employee(s) or officer(s) (collectively "Colliers International"), and Defendant Alexander Deitch ("Deitch") for claims asserted against Colliers International and Deitch by Mattress Firm, Inc. ("Mattress Firm"), stating as follows:

### PRELIMINARY STATEMENT

**1.**

This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of

1

9036506v.1

Civil Procedure to determine an actual case or controversy regarding a professional liability insurance policy between Maxum, Colliers International, and Deitch.

**2.**

A controversy of a judicial nature presently exists among the parties, which demands a declaration by this Court in order that Maxum may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

**PARTIES**

**3.**

Maxum is, and was at all relevant times to this Amended Complaint, a Connecticut corporation registered and authorized to conduct business in Georgia with its principle place of business in Hartford, Connecticut.  By bringing this action, it avails itself to the venue and jurisdiction of this Honorable Court.

**4.**

Colliers International is, and was at all relevant times to this Amended Complaint, a Georgia corporation incorporated, registered and authorized to conduct business in Georgia with its principle place of business in Atlanta, Georgia.

**5.**

Colliers International may be served through its registered agent,

2

Corporation Service Company, 40 Technology Parkway South, #300 Norcross, Georgia, 30092.

**6.**

Deitch is, and was at all relevant times to this Amended Complaint, a resident of Atlanta, Georgia, and domiciled in Atlanta, Georgia.

**7.**

Upon information and belief, Dietch may be served at 3344 Peachtree Road NE, Unit 3405, Atlanta, Georgia 30326.

**8.**

Mattress Firm is joined as a defendant on the basis that it is an indispensable party under Fed. R. Civ. P. 19(a).

**9.**

Mattress Firm is, and was at all relevant times to this Amended Complaint, a Delaware corporation with its principal place of business located in Houston, Texas.

**10.**

Mattress Firm may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046.

9036506v.1

## JURISDICTION AND VENUE

### 11.

This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy regarding a professional liability insurance between Maxum, Colliers International, and Deitch as hereinafter more fully appears.

### 12.

This action is ripe for adjudication.

### 13.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### 14.

This Court may exercise personal jurisdiction over all of the parties joined in this action.

### 15.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because at least one Defendant is a resident or is domiciled in the county in which this district court is located.

4

9036506v.1

## THE INSURANCE POLICY

### 16.

Maxum issued a professional liability policy, policy number PFP-6023915-02, to Colliers International and additional insureds, including but not limited to Deitch, for an initial period of January 1, 2015 to January 1, 2016, wherein Maxum would provide insurance coverage for errors and omissions by Colliers International and its additional insureds, including but not limited to Deitch, in the performance of services as a real estate agent, real estate broker, real estate personal assistant, real estate property management, mortgage broker (including loan servicing), and for construction and project management services for others for a fee ("Insurance Policy").  A true and correct copy of the Insurance Policy is attached hereto as Exhibit "A."

### 17.

The Insurance Policy is a "claims made and reported" policy, meaning that a "claim" for "damages" because of the rendering of or failure to render "professional services" must be reported to Maxum before the end of the reporting period in order for insurance coverage to be provided by Maxum to Colliers International and its additional insureds, including but not limited to Deitch.  Id.

### 18.

Colliers International purchased a supplemental extended reporting period

5

9036506v.1

from February 1, 2016 to February 1, 2017.  Id.

**19.**

Pursuant to the supplemental extended reporting requirements, Colliers International and its additional insureds, including but not limited to Deitch, had through February 1, 2017, to report any claims to Maxum under the Insurance Policy.

**20.**

The Insurance Policy contains several relevant exclusions to providing commercial general liability coverage.

**21.**

The Insurance Policy does not apply to "any dishonest, fraudulent, criminal or malicious act or omission by any 'insured' or at the direction of any "insured." Id., at Form P056 (08/11) at Section I.2.B.

**22.**

The Insurance Policy does not apply to "any gain, profit or advantage to which the insured is not legally entitled," "any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property…," or "management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business."  Id., at Endorsement E064 (1/1/2009).

9036506v.1

**23.**

The Insurance Policy does not apply to any claims arising out of any acts or omissions which are excluded under the Insurance Policy.

**24.**

The Insurance Policy does not apply to "any 'claim' or 'suit' demanding punitive, exemplary or multiple 'damages' ('damages' as a means of punishment)…" Id., at Form P056 (08/11) at Section I.2.O.

## HISTORY OF CLAIM REPORTING

**25.**

Colliers International and Deitch seek coverage, including a defense and indemnity, under the Insurance Policy for the claims asserted by Mattress Firm in a lawsuit filed by Mattress Firm against numerous defendants, including but not limited to Colliers International and Deitch, in Harris County, Texas, Case No.: 2017-731196 ("Underlying Lawsuit").

**26.**

In a letter dated March 30, 2016, Mattress Firm advised Colliers International of a potential lawsuit against Colliers International.  A true and correct copy of the March 30, 2016, Letter is attached hereto as Exhibit "B."

**27.**

Colliers International did not report the potential claim made in the March

7

9036506v.1

30, 2016, to Maxum until June 29, 2017, after the extended reporting period.

**28.**

After receiving notice of the claim and request for coverage from Colliers International, Maxum, through its under signed counsel, issued a reservation of rights letter to Colliers International in which Maxum provided notice of its reservation of rights to contest coverage under the Insurance Policy for the claims in the Underlying Lawsuit.  A true and correct copy of the reservation of rights letter is attached hereto as Exhibit "C."

**29.**

On March 15, 2018, Deitch, through his counsel, transmitted a letter to Maxum seeking "any and all coverage benefits to which he is entitled under the policy including the payment of defense costs and the payment of any judgment that may be entered against him."  Deitch claims that he was only "recently informed by Colliers [International] about the existence of the above policy, and he has promptly acted to comply with any duties that he may have under the policy." A true and correct copy of the March 15, 2018, Letter is attached hereto as Exhibit "D."

**30.**

The Insurance Policy issued by Maxum does not afford coverage for the claims and damages asserted in the Underlying Lawsuit.  Therefore, Maxum has

8

9036506v.1

no duty to defend or indemnify Colliers International or Deitch in a lawsuit filed by Mattress Firm against Colliers International, Deitch, and other defendants.

## ALLEGATIONS IN UNDERLYING LAWSUIT

### 31.

On October 30, 2017, Mattress Firm filed a formal Complaint in the Underlying Lawsuit, which initiated the lawsuit against numerous defendants, including but not limited to Colliers International and Deitch.   A true and correct copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit "E."

### 32.

On December 19, 2017, an Amended Complaint in the Underlying Lawsuit was filed against numerous defendants, including but not limited to Colliers International and Deitch.  A true and correct copy of the Amended Complaint in the Underlying Lawsuit is attached hereto as Exhibit "F."

### 33.

In the Amended Complaint in the Underlying Lawsuit, Mattress Firm asserts numerous allegations against defendants, including but not limited to Colliers International and Deitch, on the basis that the defendants engaged in a massive, nationwide, multi-year fraud, bribery, and kickback scheme related to real estate brokerage services. Id.

9036506v.1

**34.**

In the Amended Complaint in the Underlying Lawsuit, Mattress Firm makes numerous allegations against Colliers International and Deitch entailing fraudulent and self-serving activities, including but not limited to:

a. Providing payments (including offering, arranging, and making payments) of bribes and kickbacks to employees of Mattress Firm in exchange for retention of Colliers International and Deitch, and growing their relationship.

b. Providing falsely optimistic sales forecasts to maximize opening of stores and to justify above-market rents and longer least terms to co-defendant developers in order to generate commission for each lease entered into by Mattress Firm and to increase property value for subsequent sale of the property.

c. Misrepresenting projected per store sales.

d. Engaging in conflict of interest transactions.

e. Knowing of and allowing "phony" and "bogus" development and brokerage fees to be charged to developers.

f. Allowing and assisting secretly held interests in properties that would become Mattress Firm stores.

g. Concealing such fraudulent activities.

h.    Providing bribes and holding equity interests in other business
      ventures with participating Mattress Firm employees or officers.

i.    Directing developers to not provide detailed budgets to Mattress Firm
      in order to hide hidden fees or kickbacks.

j.    Being offered lucrative investment opportunities by co-defendant
      developers and being engaged in commercial bribery.

k.    Expressly and fully authorizing such actions and ratifying the actions
      and representations of Deitch, or implicitly ratifying the actions and
      representations of Deitch. Id.

**35.**

In the Underlying Lawsuit, Mattress Firm brings seven causes of action
against Colliers International and/or Deitch, including:

a.    Fraud;

b.    Civil Conspiracy;

c.    Constructive Trust;

d.    Unjust Enrichment;

e.    Aiding and Abetting Breach of Fiduciary Duty;

f.    Negligence; and

g.    Exemplary Damages. Id.

11

**36.**

In its Prayer for Relief in the Underlying Lawsuit, Mattress Firm seeks judgment against Colliers International and/or Alexander Deitch, including:

a.    Actual damages;

b.    A constructive trust;

c.    Disgorgement of ill-gotten gain;

d.    Appropriate equitable relief;

e.    Exemplary damages;

f.    Prejudgment interest;

g.    Post-judgment interest;

h.    All recoverable costs; and

i.    Such other and further relief, general and special, legal and equitable, to which Mattress Firm may show itself to be justly entitled.  Id.

## COUNT I: DECLARATORY JUDGMENT
## NO COVERAGE FOR CLAIM REPORTING OUTSIDE OF REPORTING PERIOD

**37.**

Maxum restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 of this Amended Complaint for Declaratory Judgment as though set forth fully herein.

9036506v.1

**38.**

Under the terms of the Insurance Policy, Maxum has no obligation to provide coverage to Colliers Atlanta or Deitch, including a defense to the Underlying Lawsuit or to indemnify Colliers Atlanta or Deitch, or for any damages related to the Underlying Lawsuit because neither Colliers Atlanta nor Deitch timely reported any claim pursuant to the Insurance Policy.

**39.**

Maxum requests this Court inquire and declare that it has no duty to provide professional liability insurance coverage to Colliers Atlanta, Deitch, or any other additional insured under Insurance Policy, including but not limited to any past and current employee(s) and officer(s), for any and all claims and causes of action brought by Mattress Firm because neither Colliers Atlanta, Deitch, nor any other additional insured under the Insurance Policy timely reported any claim pursuant to the Insurance Policy.

**COUNT II: DECLARATORY JUDGMENT**
**NO COVERAGE UNDER FORM P056 (08/11): DISHONEST,**
**FRAUDULENT, CRIMINAL OR MALICIOUS ACT OR OMISSION**

**40.**

Maxum restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39 of this Amended Complaint for Declaratory Judgment as though set forth fully herein.

9036506v.1

**41.**

Under the terms of the Insurance Policy, Maxum has no obligation to provide coverage to Colliers Atlanta or Deitch, including a defense to the Underlying Lawsuit or to indemnify Colliers Atlanta or Deitch, for any damages related to the Underlying Lawsuit because Form P056 (08/11) of the Insurance Policy excludes "any dishonest, fraudulent, criminal or malicious act or omission by any 'insured' or at the direction of any "insured." See Exhibit A.

**42.**

Maxum requests this Court inquire and declare that it has no duty to provide professional liability insurance coverage to Colliers Atlanta, Deitch, or any other additional insured, including but not limited to any past and current employee(s) and officer(s), for any and all claims and causes of action brought by Mattress Firm because Form P056 (08/11) of the Insurance Policy excludes "any dishonest, fraudulent, criminal or malicious act or omission by any 'insured' or at the direction of any "insured." Id.

## COUNT III: DECLARATORY JUDGMENT
## NO COVERAGE UNDER ENDORSEMENT E064 (1/1/2009)

**43.**

Maxum restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 of this Amended Complaint for Declaratory Judgment as though set forth fully herein.

14

**44.**

Under the terms of the Insurance Policy, Maxum has no obligation to provide coverage to Colliers Atlanta or Deitch, including a defense to the Underlying Lawsuit or to indemnify Colliers Atlanta or Deitch, for any damages related to the Underlying Lawsuit because Endorsement E064 (1/1/2009) of the Insurance Policy excludes "any gain, profit or advantage to which the insured is not legally entitled," "any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property…," or "management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business." Id.

**45.**

Maxum requests this Court inquire and declare that it has no duty to provide professional liability insurance coverage to Colliers Atlanta, Deitch, or any other additional insured, including but not limited to any past and current employee(s) and officer(s), for any and all claims and causes of action brought by Mattress Firm because Endorsement E064 (1/1/2009) of the Insurance Policy excludes "any gain, profit or advantage to which the insured is not legally entitled," "any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property…," or "management of property that is owned by a firm

9036506v.1

in which any insured has a financial interest or by a firm under the same financial contract as your business." Id.

## COUNT IV: DECLARATORY JUDGMENT
## NO COVERAGE FOR NEGLIGENCE CLAIM

### 46.

Maxum restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 of this Amended Complaint for Declaratory Judgment as though set forth fully herein.

### 47.

Maxum has no obligation to provide coverage to Colliers Atlanta, including a defense to the Underlying Lawsuit or to indemnify Colliers Atlanta, for the Negligence claim against Colliers Atlanta because such claim arises out of acts and/or omissions excluded under the Insurance Policy.

### 48.

Maxum requests this Court inquire and declare that it has no duty to provide professional liability insurance coverage to Colliers Atlanta and any other additional insured, including but not limited to any past and current employee(s) and officer(s), for the Negligence claim against Colliers Atlanta because such claim arises out of acts and/or omissions excluded under the Insurance Policy.

9036506v.1

## COUNT V: DECLARATORY JUDGMENT
## NO COVERAGE UNDER FORM P056 (08/11): EXEMPLARY DAMAGES

### 49.

Maxum restates and incorporates herein by reference each and every allegation contained in paragraphs 1 through 48 of this Amended Complaint for Declaratory Judgment as though set forth fully herein.

### 50.

Under the terms of the Insurance Policy, Maxum has no obligation to provide coverage to Colliers Atlanta or Deitch, including a defense to the Underlying Lawsuit or to indemnify Colliers Atlanta or Deitch, for any exemplary damages because exemplary damages are excluded under the Insurance Policy.

### 51.

Maxum requests this Court inquire and declare that it has no duty to provide professional liability insurance coverage to Colliers Atlanta, Deitch, or any other additional insured under Insurance Policy, including but not limited to any past and current employee(s) or officer(s), for any cause of action seeking exemplary damages by Mattress Firm because exemplary damages are excluded under the Insurance Policy. Id.

### PRAYER FOR RELIEF

WHEREFORE, Maxum prays:

(a)    That Colliers International appear as provided by law to Answer this

17

9036506v.1

Amended Complaint for Declaratory Judgment;

(b)   That Deitch appear as provided by law to Answer this Amended
Complaint for Declaratory Judgment;

(c)   That summons be issued requiring Mattress Firm appear as provided
by law to Answer this Amended Complaint for Declaratory Judgment;

(d)   That the Court determine that Maxum does not have a duty to provide
liability insurance coverage to Colliers International under the
Insurance Policy;

(e)   That the Court determine that Maxum does not have a duty to provide
liability insurance coverage to Deitch under the Insurance Policy;

(f)   That the Court determine that Maxum does not have a duty to provide
liability insurance coverage to any other additional insured, including
but not limited to past and current employee(s) and officer(s), of
Colliers International, under the Insurance Policy;

(g)   Any and such other and further relief this Court deems just a proper.

Respectfully submitted this 30th day of May, 2018.

[signature on next page]

9036506v.1

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

950 East Paces Ferry Road N.E.
Suite 2850
Buckhead Tower at Lenox Square
Atlanta, Georgia 30326
(470) 419-6650
(470) 419-6651(Fax)
jeffrey.melcher@wilsonelser.com
frank.chao@wilsonelser.com

__/s/ *Frank I. Chao*__
Jeffrey W. Melcher
Georgia Bar No. 501180
Frank I. Chao
Georgia Bar No. 949116

*Attorneys for Plaintiff Maxum Indemnity
Company*

19

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO.  1:18-CV-01236-WSD |
| | ) | |
| vs. | ) | |
| | ) | |
| Colliers International – Atlanta, LLC, | ) | |
| Alexander Deitch, and Mattress Firm, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS

The parties hereby certify that the foregoing has been prepared using Times

New Roman 14-point font as required by Local Rule 5.1C.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

950 East Paces Ferry Road N.E.
Suite 2850
Buckhead Tower at Lenox Square
Atlanta, Georgia 30326
(470) 419-6650
(470) 419-6651(Fax)
jeffrey.melcher@wilsonelser.com
frank.chao@wilsonelser.com

/s/ *Frank I. Chao*
Jeffrey W. Melcher
Georgia Bar No. 501180
Frank I. Chao
Georgia Bar No. 949116

*Attorneys for Plaintiff Maxum Indemnity
Company*

9036506v.1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | CIVIL ACTION FILE |
| | ) | NO.  1:18-CV-01236-WSD |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Colliers International – Atlanta, LLC, | ) | |
| Alexander Deitch, and Mattress Firm, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

Counsel for Plaintiff Maxum Indemnity Company hereby certifies that the foregoing AMENDED COMPLAINT was electronically filed with the Court on May 30, 2018, using the CM/ECF system, which will electronically serve all counsel of record in this matter.

Counsel for Plaintiff Maxum Indemnity Company also certifies that the foregoing AMENDED COMPLAINT was served on the registered agent for Defendant Mattress Firm, Inc., CT Corporation System, 289 S. Culver Street, Lawrenceville, GA, 30046, via hand delivery by a process server.

Respectfully submitted this 30th day of May, 2018.

[signature on next page]

9036506v.1

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

950 East Paces Ferry Road N.E.
Suite 2850
Buckhead Tower at Lenox Square
Atlanta, Georgia 30326
(470) 419-6650
(470) 419-6651(Fax)
jeffrey.melcher@wilsonelser.com
frank.chao@wilsonelser.com

  /s/ *Frank I. Chao*
Jeffrey W. Melcher
Georgia Bar No. 501180
Frank I. Chao
Georgia Bar No. 949116

*Attorneys for Plaintiff Maxum Indemnity
Company*

22

9036506v.1