## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:18-CV-01236-ODE |
| COLLIERS INTERNATIONAL - | ) | |
| ATLANTA, LLC, ALEXANDER | ) | |
| DEITCH, and MATTRESS FIRM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MATTRESS FIRM INC.'S ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendant Mattress Firm, Inc. ("Mattress Firm" or "Defendant") hereby answers Plaintiff Maxum Indemnity Company's ("Maxum" or "Plaintiff") as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails because Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### THIRD DEFENSE

Plaintiff's Complaint fails in whole or in part due to the defense of estoppel and/or equitable estoppel.

### FOURTH DEFENSE

Plaintiff's purported claims are barred due to failure of a necessary condition.

### FIFTH DEFENSE

Plaintiff's purported claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiff's purported claims are barred because some or all of Defendant's claims are covered by the policy.

### SEVENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff consented to, authorized, approved, acquiesced to, and/or ratified the actions about which it now complains.

### EIGHTH DEFENSE

Plaintiff's purported claims are barred by the doctrine of laches.

### NINTH DEFENSE

Plaintiff's purported claims are barred by the defense of assumption of risk.

Defendant reserves the right to assert such other defenses as may be determined as discovery in this case proceeds.

Subject to and incorporating herein by reference the foregoing affirmative defenses, Defendant responds below to the numbered paragraphs of the Amended Complaint (the "Amended Complaint") in the same order in which they are presented there.

## PRELIMINARY STATEMENT

### 1.

The allegations in Paragraph 1 of the Amended Complaint contain legal conclusions and descriptive information to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

### 2.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint, and therefore denies same.

## PARTIES

### 3.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint, and therefore denies same.

### 4.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint, and therefore denies same.

### 5.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint, and therefore denies same.

### 6.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, and therefore denies same.

7.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, and therefore denies same.

8.

The allegations in Paragraph 8 of the Amended Complaint contain legal conclusions and descriptive information to which no response is required.  To the extent a response is required, Defendant admits that Mattress Firm was joined as an indispensable party defendant following the Court's May 24, 2018 granting Plaintiff's Unopposed Motion for Leave to File Amended Complaint for Declaratory Judgment.

9.

Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

### 11.

The allegations in Paragraph 11 of the Amended Complaint contain legal conclusions and descriptive information to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

### 12.

The allegations in Paragraph 12 of the Amended Complaint contain legal conclusions and descriptive information to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

### 13.

The allegations in Paragraph 13 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

### 14.

The allegations in Paragraph 14 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required,

Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.

The allegations in Paragraph 15 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

**THE INSURANCE POLICY**

16.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies same.

17.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies same.

18.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and therefore denies same.

19.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and therefore denies same.

20.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore denies same.

21.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies same.

22.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore denies same.

23.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint, and therefore denies same.

24.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and therefore denies same.

## HISTORY OF CLAIM REPORTING

25.

Defendant admits that it filed a lawsuit against multiple defendants, including but not limited to, Colliers International and Deitch, in Harris County, Texas, Case No.: 2017-731196 ("Underlying Lawsuit").  Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations contained in Paragraph 25 of the Amended Complaint, and therefore denies same.

26.

Defendant admits that it sent a letter to Colliers on March 30, 2016, a true and correct copy of which appears to be attached to the Amended Complaint as Exhibit "B." Defendant states that the letter speaks for itself. To the extent the allegations in Paragraph 26 misstate, misrepresent, or mischaracterize the contents of the letter, Defendant denies the allegations contained in Paragraph 26.

27.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint, and therefore denies same.

28.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint, and therefore denies same.

29.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and therefore denies same.

30.

The allegations in Paragraph 30 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

**ALLEGATIONS IN UNDERLYING LAWSUIT**

31.

Defendant admits that on October 30, 2017, it filed a complaint against multiple defendants, including but not limited to, Colliers International and Deitch (the Underlying Lawsuit).   Defendant admits that a true and correct copy of the complaint appears to be attached to the Amended Complaint as Exhibit "E."

32.

Defendant admits that on December 19, 2017, it filed an amended complaint against multiple defendants, including but not limited to, Colliers International and Deitch, in the Underlying Lawsuit.   Defendant admits that a true and correct copy

11

of the amended complaint appears to be attached to the Amended Complaint as Exhibit "F."

33.

Defendant admits that the amended complaint in the Underlying Lawsuit includes multiple allegations against the defendants in that case, including but not limited to Colliers International and Deitch.  Defendant states that the amended complaint in the Underlying Lawsuit speaks for itself.  To the extent the allegations in Paragraph 33 misstate, misrepresent, or mischaracterize the contents of the amended complaint in the Underlying Lawsuit, Defendant denies the allegations contained in Paragraph 33.

34.

Defendant admits that the amended complaint in the Underlying Lawsuit includes multiple allegations against the defendants in that case, including but not limited to Colliers International and Deitch.  Defendant states that the amended complaint in the Underlying Lawsuit speaks for itself.  To the extent the allegations in Paragraph 34 misstate, misrepresent, or mischaracterize the contents of the amended complaint in the Underlying Lawsuit, Defendant denies the allegations contained in Paragraph 34.

35.

Defendant admits that the amended complaint in the Underlying Lawsuit includes various causes of action against the defendants in that case, including but not limited to Colliers International and Deitch.  Defendant states that the amended complaint in the Underlying Lawsuit speaks for itself.  To the extent the allegations in Paragraph 35 misstate, misrepresent, or mischaracterize the contents of the amended complaint in the Underlying Lawsuit, Defendant denies the allegations contained in Paragraph 35.

36.

Defendant admits that the amended complaint in the Underlying Lawsuit seeks various relief against the defendants in that case, including but not limited to Colliers International and Deitch.  Defendant states that the amended complaint in the Underlying Lawsuit speaks for itself.  To the extent the allegations in Paragraph 36 misstate, misrepresent, or mischaracterize the contents of the amended complaint in the Underlying Lawsuit, Defendant denies the allegations contained in Paragraph 36.

## COUNT I: DECLARATORY JUDGMENT
## NO COVERAGE FOR CLAIM REPORTING OUTSIDE OF REPORTING PERIOD

37.

Defendant incorporates by reference its responses to Paragraphs 1-36 above as if fully restated herein.

38.

The allegations in Paragraph 38 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.

The allegations in Paragraph 39 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

## COUNT II: DECLARATORY JUDGMENT
## NO COVERAGE UNDER FORM P056 (08/11): DISHONEST, FRAUDULENT, CRIMINAL OR MALICIOUS ACT OR OMISSION

### 40.

Defendant incorporates by reference its responses to Paragraphs 1-39 above as if fully restated herein.

### 41.

The allegations in Paragraph 41 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

### 42.

The allegations in Paragraph 42 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint.

## COUNT III: DECLARATORY JUDGMENT
## NO COVERAGE UNDER ENDORSEMENT E064 (1/1/2009)

### 43.

Defendant incorporates by reference its responses to Paragraphs 1-42 above as if fully restated herein.

44.

The allegations in Paragraph 44 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45.

The allegations in Paragraph 45 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

## COUNT IV: DECLARATORY JUDGMENT
## NO COVERAGE FOR NEGLIGENCE CLAIM

46.

Defendant incorporates by reference its responses to Paragraphs 1-45 above as if fully restated herein.

47.

The allegations in Paragraph 47 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

16

48.

The allegations in Paragraph 48 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

**COUNT V: DECLARATORY JUDGMENT**
**NO COVERAGE UNDER FORM P056 (08/11): EXEMPLARY DAMAGES**

49.

Defendant incorporates by reference its responses to Paragraphs 1-49 above as if fully restated herein.

50.

The allegations in Paragraph 50 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51.

The allegations in Paragraph 51 of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint.

52.

Defendant denies that Plaintiff is entitled to any relief it seeks against Defendant.

In addition, Defendant denies any allegations in the Amended Complaint not specifically admitted, denied, or controverted above, including, but not limited to, any and all equitable relief claimed Plaintiff's Amended Complaint.

WHEREFORE, having fully responded to Plaintiff's Amended Complaint, Defendant respectfully requests the Amended Complaint be dismissed with prejudice, judgment be entered in favor of Defendant, and that all costs and Defendant's expenses and attorney's fees be taxed to Plaintiff, and any such further relief as the Court may deem just and proper.

Respectfully submitted, this 3rd day of July, 2018.

/s/ Michael A. Boutros
Jeffrey D. Horst
Georgia Bar No. 367834
horst@khlawfirm.com
Michael A. Boutros
Georgia Bar No. 955802
boutros@khlawfirm.com
*Attorneys for Defendant Mattress Firm, Inc.*

KREVOLIN & HORST, LLC
1201 West Peachtree Street, N.W.
One Atlantic Center, Suite 3250
Atlanta, Georgia 30309
(404) 888-9700
(404) 888-9577 (facsimile)

18

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing ***Defendant Mattress Firm, Inc.'s Answer and Defenses to Amended Complaint*** has been prepared with one of the font and point selections set forth in N.D. Ga. Local Rule 5.1B.

This 3rd day of July, 2018.

/s/ *Michael A. Boutros*

Jeffrey D. Horst
Georgia Bar No. 367834
horst@khlawfirm.com
Michael A. Boutros
Georgia Bar No. 955802
boutros@khlawfirm.com
*Attorneys for Defendant Mattress Firm, Inc.*

KREVOLIN & HORST, LLC
1201 West Peachtree Street, N.W.
One Atlantic Center, Suite 3250
Atlanta, Georgia 30309
(404) 888-9700
(404) 888-9577 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the foregoing ***Defendant Mattress Firm, Inc.'s Answer and Defenses to Amended Complaint*** by using the Court's CM/ECF filing system which will automatically send service copies to counsel of record as follows:

Jeffrey W. Melcher, Esq.
Jeffrey.melcher@wilsonelser.com
Frank I. Chao, Esq.
Frank.chao@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
950 East Paces Ferry Road NE, Suite 2850
Atlanta, Georgia 30326

Shattuck Ely, Esq.
tely@fellab.com
Michael Gretchen, Esq.
mgretchen@fellab.com
Fellows Labriola LLP
Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303

Kevin L. Ward
k.ward@swtwlaw.com
J. Zachary Zimmerman
z.zimmerman@swtwlaw.com
Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303

Respectfully submitted this 3rd day of July, 2018.

/s/ Michael A. Boutros
Jeffrey D. Horst
Georgia Bar No. 367834
horst@khlawfirm.com
Michael A. Boutros
Georgia Bar No. 955802
boutros@khlawfirm.com
*Attorneys for Defendant Mattress Firm, Inc.*

KREVOLIN & HORST, LLC
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577