# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Maxum Indemnity Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Colliers International – Atlanta, LLC,<br>Alexander Deitch, and Mattress Firm, Inc.<br><br>　　　　Defendants. | )<br>)　CIVIL ACTION FILE<br>)　NO. 1:18-CV-01236-WSD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF MAXUM INDEMNITY COMPANY'S INITIAL DISCLOSURES

COMES NOW, PLAINTIFF MAXUM INDEMNITY COMPANY ("Maxum"), by and through its undersigned counsel, in the above-styled case, and pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 26.1, hereby discloses the following:

(1)　State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

- **Classification of Action:** This is an action for declaratory judgment in which Plaintiff seeks a determination by the Court that it is not required to provide professional liability insurance coverage to Defendant Colliers International – Atlanta, LLC ("Colliers International") or

1

9225017v.1

Defendant Alexander Deitch ("Deitch") for claims asserted against Colliers International and Deitch (collectively "Defendants") by Mattress Firm, Inc. ("Mattress Firm") in Harris County, Texas, Case No.: 2017-731196 ("Underlying Lawsuit").

- **Factual Outline of Case:** Maxum issued a professional liability "claims made and reported" policy, policy number PFP-6023915-02, to Colliers International for an initial period of January 1, 2015 to January 1, 2016, wherein Maxum would provide insurance coverage for errors and omissions by Defendants in the performance of services as a real estate agent, real estate broker, real estate personal assistant, real estate property management, mortgage broker (including loan servicing), and for construction and project management services for others for a fee ("Insurance Policy"). Colliers International purchased a supplemental extended reporting period through February 1, 2017.

The Insurance Policy requires that a "claim" for "damages" because of the rendering of or failure to render "professional services" must be reported to Maxum before the end of the supplemental extended reporting period of February 1, 2017. However, both Defendants failed to timely report a claim. Moreover, the Insurance Policy also contains various exclusions that preclude coverage.

9225017v.1

- **Statement of the Legal Issues:** whether Defendants' failure to timely report any claim, as required by the Insurance Policy, precludes coverage to Defendants in the Underlying Lawsuit; whether application of Form P056 (08/11) (Dishonest, Fraudulent, Criminal or Malicious Act or Omission) precludes insurance coverage to Defendants in the Underlying Lawsuit; whether application of Endorsement E064 (1/1/2009) which excludes "any gain, profit or advantage to which the insured is not legally entitled," "any transaction in which any Insured has a direct or indirect beneficial ownership interest as a buyer or seller of real property…," or "management of property that is owned by a firm in which any insured has a financial interest or by a firm under the same financial contract as your business" precludes insurance coverage to Defendants in the Underlying Lawsuit; (iv) whether negligence claims are excluded in the Underlying Lawsuit pursuant to the language of the Insurance Policy; and whether Form P056 (08/11) excludes coverage for exemplary damages in the Underlying Lawsuit.

(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

- Claims made outside of the reporting period preclude coverage. <u>Illinois Union Ins. Co. v. NRI Const. Inc.</u>, 846 F.Supp.2d 1366, 1370 (N.D. Ga. 2012); <u>Serrmi Products, Inc. v. Insurance Company of Pennsylvania</u>, 411 S.E.2d 305 (Ga. App. 1991).

- Where the terms and conditions of an insurance contract, including exclusions, are clear and unambiguous, they must be given their literal meaning. <u>Federated Mutual Ins. Co. v. Ownbey Enterprises, Inc.</u>, 627 S.E.2d 917, 921 (Ga. App. 2006). Therefore, endorsements and exclusions under an insurance policy must be given their literal meaning, including but not limited to exclusions for dishonest, fraudulent, criminal or malicious act or omission by any "insured" or at the direction of any "insured" and claims for negligence that arise out of certain actions or omissions are excluded under the Insurance Policy. <u>Continental Cas. Co. v. HIS Financial Services, Inc.</u>, 61 F.3d 845 (11th Cir. 1995).

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

9225017v.1

- See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

- None at this time. Maxum reserves the right to supplement this disclosure at a later time.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

- See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

- See Attachment D.

(7)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

- Not applicable.

(8)   Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

- Not applicable.

Maxum reserves the right to amend or supplement the above disclosures as additional information or documents become available during discovery.

Respectfully submitted this 26th day of September, 2018.

WILSON, ELSER, MOSKOWITZ,<br>
EDELMAN & DICKER LLP<br>
<br>
/s/ Jeffrey W. Melcher<br>
Jeffrey W. Melcher<br>
Georgia Bar No. 501180

950 East Paces Ferry Road N.E.
Suite 2850

Buckhead Tower at Lenox Square  
Atlanta, Georgia 30326  
(470) 419-6650  
(470) 419-6651(Fax)  
jeffrey.melcher@wilsonelser.com  
frank.chao@wilsonelser.com  

Frank I. Chao  
Georgia Bar No. 949116  

*Attorneys for Plaintiff Maxum Indemnity Company*

7

9225017v.1

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Maxum Indemnity Company, ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff, ) | NO. 1:18-CV-01236-WSD |
| ) | |
| vs. ) | |
| ) | |
| Colliers International – Atlanta, LLC, ) | |
| Alexander Deitch, and Mattress Firm, Inc. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS

The parties hereby certify that the foregoing has been prepared using Times New Roman 14-point font as required by Local Rule 5.1C.

Respectfully submitted this 26th day of September, 2018.

                                                **WILSON, ELSER, MOSKOWITZ,**
                                                **EDELMAN & DICKER LLP**

                                                */s/ Frank Chao*

950 East Paces Ferry Road N.E.      Jeffrey W. Melcher
Suite 2850                                          Georgia Bar No. 501180
Buckhead Tower at Lenox Square     Frank I. Chao
Atlanta, Georgia 30326              Georgia Bar No. 949116
(470) 419-6650
(470) 419-6651(Fax)                *Attorneys for Plaintiff Maxum Indemnity*
jeffrey.melcher@wilsonelser.com     *Company*
frank.chao@wilsonelser.com

9225017v.1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Maxum Indemnity Company,  ) | |
| ) | CIVIL ACTION FILE |
| Plaintiff,  ) | NO. 1:18-CV-01236-WSD |
| ) | |
| vs.  ) | |
| ) | |
| Colliers International – Atlanta, LLC,  ) | |
| Alexander Deitch, and Mattress Firm, Inc.  ) | |
| ) | |
| Defendants.  ) | |

## CERTIFICATE OF SERVICE

Counsel for Plaintiff Maxum Indemnity Company hereby certifies that the foregoing RULE 26(a)(1) INITIAL DISCLOSURES were served on all counsel of record in this matter.

Respectfully submitted this 26th day of September, 2018.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

*/s/ Jeffrey W. Melcher*

950 East Paces Ferry Road N.E.  Jeffrey W. Melcher
Suite 2850                       Georgia Bar No. 501180
Buckhead Tower at Lenox Square   Frank I. Chao
Atlanta, Georgia 30326           Georgia Bar No. 949116
(470) 419-6650
(470) 419-6651(Fax)              *Attorneys for Plaintiff Maxum Indemnity*
jeffrey.melcher@wilsonelser.com  *Company*
frank.chao@wilsonelser.com

9225017v.1